| | |
|---|---|
| DOCKET NO. DBD CV 10 5008871 S | SUPERIOR COURT |
| ANGELA M. SIMONS, ET AL | JUDICIAL DISTRICT<br>OF DANBURY |
| VS. | AT DANBURY |
| NATIONWIDE CREDIT, INC. | DECEMBER 9, 2010 |

## NOTICE CONCERNING REMOVAL OF ACTION

On December 9, 2010, the Defendant, Nationwide Credit, Inc., filed a Notice of
Removal of this action to the United States District Court for the District of Connecticut
pursuant to the provisions of federal law, all as set forth in the Notice of Removal, a copy
of which is attached as Exhibit A.

DEFENDANT
NATIONWIDE CREDIT, INC.

By: _____

Attorney Claudia M. Sklar
(FBN#08246)
280 Trumbull Street, 23rd Fl.
Hartford, CT  06103
Phone:  (860) 548-1300
Fax:    (860) 548-0023
Email: csklar@ofalaw.com

Case 3:10-cv-01938-MRK   Document 1-1   Filed 12/10/10   Page 2 of 25

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served by first class United States mail, postage prepaid, on this 9th day of December, 2010, to the following:

Angela M. Simons, Pro Se
Sam J. Simons, Pro Se
6 Glenview Drive
Sherman, CT  06784

Claudia M. Sklar

# EXHIBIT A

Case 3:10-cv-01938-MRK   Document 1-1   Filed 12/10/10   Page 4 of 25

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

ANGELA M. SIMONS
SAM J. SIMONS,

     Plaintiffs,

v.                             Case No.

NATIONWIDE CREDIT, INC.,

     Defendant.               December 9, 2010

---

### NOTICE OF REMOVAL

Defendant, Nationwide Credit, Inc. ("NCI"), files this Notice of Removal of this action from the State of Connecticut Superior Court, Judicial District of Danbury at Danbury, wherein it is pending, to the United States District Court for the District of Connecticut. As grounds for the removal of this action, NCI states as follows:

### I. INTRODUCTION

1.     This action was commenced against NCI in the State of Connecticut Superior Court, Judicial District of Danbury at Danbury, Connecticut, by Complaint dated November 19, 2010 and returnable on December 21, 2010, bearing Docket Number DBD CV 10 5008871 S. On November 29, 2010, service of the Summons and Complaint was made upon the Resident Agent of NCI in Connecticut. A true and

Case 3:10-cv-01938-MRK   Document 1-1   Filed 12/10/10   Page 5 of 25

correct copy of all process, pleadings and orders served upon NCI are attached as "Exhibit A".

2.      Removal of this case is timely as this notice is filed within thirty (30) days after service of the Summons and the Complaint on NCI. See 28 U.S.C. §1446(b).

## II. JURISDICTION

3.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U. S. C. §1331 (federal question jurisdiction).

4.      NCI denies each and every substantive allegation made by the Plaintiffs. However, because Plaintiffs purport to assert claims arising out of the laws of the United States, this Court possesses jurisdiction over this matter pursuant to 28 U. S. C. §1331.1.

## III.     FEDERAL QUESTION JURISDICTION

5.      Plaintiffs' Complaint purports to allege a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq and Connecticut General Statutes §36a-800 et seq, and §42-110a (the "Connecticut Statutes"). Plaintiffs state in the Complaint that Plaintiffs seek relief under the FDCPA, 15 U.S.C. §1692 et seq. and the Connecticut Statutes and allege in the Complaint that NCI violated the FDCPA and the Connecticut Statutes. (Exhibit A, pages 1-12, Complaint.).

6.      To the extent Plaintiffs attempt to state a claim under the FDCPA, this Court has jurisdiction under 28 U. S. C. §1331 (federal question jurisdiction).  It is well recognized that actions filed in state courts that purport to state claims under the FDCPA

O'CONNELL, FLAHERTY & ATTMORE, L.L.C.
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

may be removed from state court to federal court. See, *Philbin v. Trans Union Corp.*, 101 F.3d 957 (3rd Cir. 1996); *Gray v. American Express Company*, 743 F.2d 10 (D.C. Cir. 1984). NCI denies Plaintiffs can state a claim under the FDCPA.

## IV.     CONCLUSION

7.     A true and correct copy of this Notice of Removal has been filed with the State of Connecticut Superior Court, Judicial District of Danbury at Danbury, and served upon the pro se Plaintiffs.

8.     NCI respectfully requests the opportunity to brief and argue before this Court any issues or questions concerning the removal of this case in the event remand is sought by Plaintiffs or otherwise visited by this Court.

Wherefore, Defendant, Nationwide Credit, Inc. requests that the above referenced case now pending in State of Connecticut Superior Court, Judicial District of Danbury at Danbury be removed to the United States District Court for the District of Connecticut.

Dated:  December 9, 2010          Respectfully submitted,

O'CONNELL, FLAHERTY & ATTMORE, L.L.C.

By:

Attorney Claudia M. Sklar (FBN#08246)
280 Trumbull Street, 23rd Fl.
Hartford, CT  06103
Phone:  (860) 548-1300
Fax:     (860) 548-0023
Email: csklar@ofalaw.com
www.ofalaw.com

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of December, 2010, I served via USPS, first class mail, postage prepaid, a copy of the foregoing Notice of Removal by Nationwide Credit, Inc. with attachments to:

Angela M. Simons
Sam J. Simons
6 Glenview Drive
Sherman, CT  06784
*Plaintiffs*

By: _____
Attorney Claudia M. Sklar  (FBN#08246)
280 Trumbull Street, 23rd Fl.
Hartford, CT  06103
Phone: (860) 548-1300
Fax:    (860) 548-0023
Email: csklar@ofalaw.com
www.ofalaw.com

4

# **EXHIBIT A**

# CT Corporation

**Service of Process Transmittal**
11/29/2010
CT Log Number 517664956

**TO:** Lucrece Guy
OCWEN FINANCIAL CORPORATION
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

**RE:** **Process Served in Connecticut**

**FOR:** Nationwide Credit, Inc. (Domestic State: GA)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Angela M. Simons and Sam J. Simons, Pltfs. vs. Nationwide Credit, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit |
| **COURT/AGENCY:** | Danbury Superior Court Judicial District, CT<br>Case # None Specified |
| **NATURE OF ACTION:** | Monies Due and Owing - Violation of Connecticut Unfair Trade Practices |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/29/2010 at 16:20 |
| **APPEARANCE OR ANSWER DUE:** | 12/21/2010 - Summons // On or before the second day after the Return Date - File an Appearance form |
| **ATTORNEY(S) / SENDER(S):** | Angela M. Simons, Pro Se<br>6 Glenview Drive<br>Sherman, CT 06784<br>860-799-7686 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/29/2010, Expected Purge Date: 12/04/2010<br>Image SOP<br>Email Notification, Lit- Intake lit-intake@ocwen.com<br>Email Notification, Lucrece Guy lucrece.guy@ocwen.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Gary Scappini<br>One Corporate Center<br>Floor 11<br>Hartford, CT 06103-3220 |
| **TELEPHONE:** | 860-724-9044 |

Page 1 of 1 / AG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SUMMONS - CIVIL

JD-CV-1 Rev. 10-09
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

*See page 2 for instructions*

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 146 White Street, Danbury, CT 06810 | ( 203 ) 207-8800 | December 21, 2010 |

☒ Judicial District   ☐ Housing Session   G.A. Number:   At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) **Danbury**
Case type code (See list on page 2) Major: **C** Minor: **90**

**For the Plaintiff(s) please enter the appearance of:**

Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)
Angela M. Simons and Sam J. Simons, 6 Glenview Drive, Sherman, CT 06784-2310

Juris number (to be entered by attorney only)

Telephone number (with area code) ( 860 ) 799-7686
Signature of Plaintiff (if self-represented)

Number of Plaintiffs: 2   Number of Defendants: ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, If not USA) | |
|---|---|---|
| First Plaintiff | Name: Angela M. Simons  Address: 6 Glenview Drive, Sherman, CT 06784-2310 | P-01 |
| Additional Plaintiff | Name: Sam J. Simons  Address: 6 Glenview Drive, Sherman, CT 06784-2310 | P-02 |
| First Defendant | Name: Nationwide Credit, Inc.  Address: 2015 Vaughn Road, Building 400, Kennesaw, GA 30144 | D-50 |
| Additional Defendant | Name:  Address: | D-51 |
| Additional Defendant | Name:  Address: | D-52 |
| Additional Defendant | Name:  Address: | D-53 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

Signed (Sign and "X" proper box)   ☐ Commissioner of the Superior Court   ☐ Assistant Clerk
Name of Person Signing at Left: Louis A. Pace, Jr. Chief Clerk
Date signed: 11/9/2010

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

I certify I have read and understand the above:
Signed (Self-Represented Plaintiff)   Date: 11-9-2010
Name and address of person recognized to prosecute in the amount of $250:
Angela M. Simons and Sam J. Simons, 6 Glenview Drive, Sherman, CT 06784-2310
Signed (Official taking recognizance; "X" proper box)   ☐ Commissioner of the Superior Court   ☐ Assistant Clerk   Date
Docket Number

Louis A. Pace, Jr.
Chief Clerk
(Page 1 of 2)

Case 3:10-cv-01938-MRK   Document 1-1   Filed 12/10/10   Page 11 of 25

| | |
|---|---|
| RETURN DATE: December 21, 2010 } | SUPERIOR COURT |
| } | |
| ANGELA M. SIMONS and } | JUDICIAL DISTRICT |
| SAM J. SIMONS } | |
| } | OF DANBURY |
| VS. } | |
| } | |
| NATIONWIDE CREDIT, INC. } | November 19, 2010 |

## COMPLAINT

The plaintiffs, Angela M. Simons and Sam J. Simons, residents of Sherman, Connecticut ("Plaintiffs"), pro se, for their complaint against the defendant hereby allege as follows:

### COUNT I

1.  Defendant, Nationwide Credit, Inc. is a consumer collection agency conducting business in the State of Connecticut under a license issued pursuant to Connecticut Fair Debt Collection Practices Act ("CFDCPA") § 36a-800(1).

2.  Defendant, is a debt collector as defined in Section 803(6) of the Fair Debt Collection Practices Act ("FDCP Act"), 15 U.S.C. § 1692a(6).

3.  Defendant is a Georgia corporation with its offices and place of business located at 2015 Vaughn Road, Building 400, Kennesaw GA  30144 and doing business in the State of Connecticut.

4.  Plaintiff, Angela M. Simons, is a consumer debtor as defined in CFDCPA § 36a-800(2).

5.  Plaintiff, Angela M. Simons, is a debtor as defined in Section 803(5) of the FDCP Act, 15 U.S.C. § 1692a(5).

6.  Plaintiff, Sam J. Simons, is a consumer residing in the State of Connecticut.

1

Case 3:10-cv-01938-MRK   Document 1-1   Filed 12/10/10   Page 12 of 25

7.    American Express Travel Related Services Company, Inc. is a creditor as defined in CFDCPA § 36a-800(3) ("American Express").

8.    Plaintiff, Angela M. Simons, maintained a personal credit card account with American Express.

9.    As a result of several phone discussions and written correspondence between Plaintiffs and Defendant, on July 29, 2010 Defendant faxed a Settlement Agreement to Plaintiff, Angela M. Simons, indicating that American Express would settle a credit card balance of $27,384.91 (the "Credit Card Debt") for a reduced amount of $8,500.00 ("Settlement Amount"), provided the $8,500 amount was paid to Defendant by August 25, 2010 in two installments (a) $4,000.00 on or before July 31, 2010 and (b) $4,500.00 on or before August 25, 2010 (copy attached as Exhibit A) (the "Settlement Agreement").

10.   On July 30, 2010 Defendant confirmed Plaintiffs' payment arrangement under the Settlement Agreement and authorization for Defendant to debit Plaintiffs' Personal Checking Account in the amount of $4,000.00 on July 31, 2010 and $4,500.00 on August 25, 2010.

11.   On August 17, 2010 Plaintiff Sam J. Simons contacted Defendant and informed Defendant that in reviewing Plaintiffs' Personal Checking Account statement Plaintiffs noticed that no debit to Plaintiffs' Personal Checking Account occurred on July 31, 2010 or thereafter as described in Paragraph 9 of this Count I.

12.   Defendant advised Plaintiff, Sam Simons that Defendant would call Plaintiffs back before the end of the day as they had discussed how "TIME WAS OF THE ESSENCE" due to the timelines set forth in the Settlement Agreement.

2

13.   Not having a response from Defendant, Plaintiffs delivered checks totaling $8,500.00 to Defendant on August 20, 2010.

14.   On October 25, 2010 Defendant returned to Plaintiffs the checks referred to in Paragraph 13 of this Count I.

15.   Defendant represented to Plaintiffs that Defendant was authorized by American Express to collect and settle the Credit Card Debt.

16.   During discussions, Defendant represented that Defendant would not reduce to writing any settlement agreement unless Plaintiffs had available funds on deposit sufficient to meet any payment arrangement agreed upon.

17.   Based on representations made by Defendant set forth in this Count I, Plaintiff, Sam J. Simons discussed with Defendant that the source of funds to pay the Settlement Amount would result in Plaintiffs incurring penalties and interest for early withdrawal of funds under the Internal Revenue Code.

18.   During discussions, Plaintiffs advised Defendant that Plaintiffs were negotiating credit card debts due on multiple other accounts, and that the American Express Credit Card Debt was their single largest credit card debt.

19.   Plaintiffs relied upon Defendant's representations referred to in this Count I, and disclosed personal, private, financial and other confidential information with Defendant.

20.   Upon information and belief, Defendant was not authorized to collect or attempt to collect the Credit Card Debt on behalf of American Express.

21.   Defendant was not entitled to obtain the information from Plaintiffs referred to in Paragraph 19 of this Count I.

3

22.   Defendant obtained the information referred to in Paragraph 19 of this Count I from Plaintiffs under false and misleading pretenses.

23.   Defendant obtained the information referred to in Paragraph 19 of this Count I from Plaintiffs which has resulted in considerable humiliation, embarrassment, and emotional distress to Plaintiffs.

24.   Defendant knew or should have known that it was not authorized by American Express to collect from or otherwise contact Plaintiffs regarding the Credit Card Debt.

25.   Defendant knew or should have known it was unlawfully interfering with Plaintiff Angela M. Simons' contractual relationship with American Express.

26.   Defendant's unlawful interference resulted in exasperating and prolonging Plaintiffs' efforts to settle the Credit Card Debt and other credit card debts.

27.   The conduct of the Defendant was fraudulent, deceptive and misleading and has subjected Plaintiffs to unjust financial hardship.

28.   As a result of Defendant's fraudulent conduct as alleged in this Count, Plaintiffs have suffered an ascertainable loss of money pertaining to the Credit Card Debt, damages incurred in not being able to enter into settlement agreements on the Credit Card Debt and with other creditors, interest paid on other accounts, and any other costs or fees deemed appropriate by the Court.

## COUNT II

1.   Plaintiffs hereby incorporate Paragraphs 1 through 28 of the First Count as Paragraphs 1 through 28 of this Second Count as if fully restated herein.

29.    The conduct of the Defendant alleged in this Count II constitutes deceptive and misleading acts or practices within the meaning of Section 807(10) of FDCP Act, 15 USCS § 1692e(10), in that said conduct involves Defendant's use of false representations and deceptive means to collect or attempt to collect the Credit Card Debt and wrongfully obtain information from consumers.

30.    As a result of the conduct of the Defendant alleged in this Count, Plaintiffs have suffered an ascertainable loss of money, damages, interest and any other costs, attorneys fees, as applicable, deemed appropriate by the Court pursuant to Section 813 of FDCP Act, 15 USCS § 1692k.

COUNT III

1.    Plaintiffs hereby incorporate Paragraphs 1 through 30 of the Second Count as Paragraphs 1 through 30 of this Third Count as if fully restated herein.

31.    The conduct of the Defendant was abusive, deceptive and fraudulent and was despicable conduct that has subjected Plaintiffs to unjust humiliation, embarrassment, emotional distress, invasion of privacy, and financial hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of punitive damages.

32.    The conduct of the Defendant alleged in this Count III constitutes abusive and deceptive acts or practices within the meaning of Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.Gen.Stat. § 42-110b(a), in that the Defendant knew that its representations were false or misleading or was recklessly indifferent to their truth or completeness and without reasonable justification or excuse.

5

33.   As a result of the conduct of the Defendant alleged in this Count, the Plaintiffs have suffered an ascertainable loss of money, interest, and any other costs, punitive damages, attorneys fees, as applicable, deemed appropriate by the Court.

## COUNT IV

1.   Plaintiffs hereby incorporate Paragraphs 1 through 28 of the First Count as Paragraphs 1 through 28 of this Fourth Count as if fully restated herein.

29.   The written correspondence provided by Defendant to Plaintiffs alleged in this Count IV had false representations within the meaning of Section 807(9) of FDCP Act, 15 USCS § 1692e(9), in that said written correspondence created a false impression to Plaintiffs as to Defendant's authorization or approval to collect the Credit Card Debt on behalf of American Express, when in fact such authorization or approval did not exist.

30.   As a result a result of the conduct of the Defendant alleged in this Count, the Plaintiffs have suffered an ascertainable loss of money, interest and any other costs, attorneys fees, as applicable, deemed appropriate by the Court pursuant to Section 813 of FDCP Act, 15 USCS § 1692k.

## COUNT V

1.   Plaintiffs hereby incorporate Paragraphs 1 through 30 of the Fourth Count as Paragraphs 1 through 30 of this Fifth Count as if fully restated herein.

31.   The conduct of the Defendant was abusive, deceptive and fraudulent and was despicable conduct that has subjected Plaintiffs to unjust humiliation, embarrassment, emotional distress, invasion of privacy, and financial hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of punitive damages.

6

32.   The conduct of the Defendant alleged in this Count V constitutes abusive and deceptive acts or practices within the meaning of Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.Gen.Stat. § 42-110b(a), in that the Defendant knew that its representations and omissions were false or misleading or was recklessly indifferent to their truth or completeness and without reasonable justification or excuse.

33.   As a result of the conduct of the Defendant alleged in this Count, the Plaintiffs have suffered an ascertainable loss of money , interest , and any other costs, punitive damages, attorneys fees, as applicable, deemed appropriate by the Court.

## COUNT VI

1.   Plaintiffs hereby incorporate Paragraphs 1 through 28 of the First Count as Paragraphs 1 through 28 of this Sixth Count as if fully restated herein.

29.   The representations made by Defendant to Plaintiffs alleged in this Count VI were false within the meaning of Section 807(2)(A) of FDCP Act, 15 USCS § 1692e(2)(A), in that Defendant falsely represented the status of the debt indicating that the Defendant was authorized to collect and negotiate the Credit Card Debt on behalf of American Express.

30.   As a result a result of the conduct of the Defendant alleged in this Count, the Plaintiffs have suffered an ascertainable loss of money, interest and any other costs, attorneys fees, as applicable, deemed appropriate by the Court pursuant to Section 813 of FDCP Act, 15 USCS § 1692k.

## COUNT VII

1.   Plaintiffs hereby incorporates Paragraphs 1 through 30 of the Sixth Count as Paragraphs 1 through 30 of this Seventh Count as if fully restated herein.

7

Case 3:10-cv-01938-MRK   Document 1-1   Filed 12/10/10   Page 18 of 25

31.   The conduct of the Defendant was abusive, deceptive and fraudulent and was despicable conduct that has subjected Plaintiffs to unjust humiliation, embarrassment, emotional distress, invasion of privacy, and financial hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of punitive damages.

32.   The conduct of the Defendant alleged in this Count constitutes abusive and deceptive acts or practices within the meaning of Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.Gen.Stat. § 42-110b(a), in that the Defendant knew that its representations and omissions were false or misleading or was recklessly indifferent to their truth or completeness and without reasonable justification or excuse.

33.   As a result of the conduct of the Defendant alleged in this Count, Plaintiffs have suffered an ascertainable loss of money , interest , and any other costs, punitive damages, attorneys fees, as applicable, deemed appropriate by the Court.

COUNT VIII

1.   Plaintiff hereby incorporates Paragraphs 1 through 28 of the First Count as Paragraphs 1 through 28 of this Eighth Count as if fully restated herein.

29.   Plaintiff, Sam J. Simons disclosed private, financial and other confidential information to Defendant in reliance upon Defendant's representation that Defendant was authorized to collect and negotiate the Credit Card Debt.

30.   Plaintiff, Sam J. Simons withdrew funds from his 401(K) retirement plan to satisfy the Settlement Agreement and other credit card accounts in reliance upon Defendant's representations that Defendant was authorized to collect and negotiate the Credit Card Debt.

8

Case 3:10-cv-01938-MRK   Document 1-1   Filed 12/10/10   Page 19 of 25

31.    The conduct of the Defendant was knowingly deceptive and fraudulent and was despicable conduct that has subjected Plaintiff Sam J. Simons to unjust financial hardship in conscious disregard of Plaintiff's rights, so as to justify an award of punitive damages.

32.    The conduct of the Defendant alleged in this Count VIII constitutes deceptive acts or practices within the meaning of Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.Gen.Stat. § 42-110b(a), in that the Defendant knew that its representations and omissions were false or misleading or was recklessly indifferent to their truth or completeness and without reasonable justification or excuse.

33.    As a result of the conduct of the Defendant alleged in this Count, the Plaintiff Sam J. Simons has suffered an ascertainable loss of money , interest , and any other costs, punitive damages, attorneys fees, as applicable, deemed appropriate by the Court.

COUNT IX

1.    Plaintiffs hereby incorporates Paragraphs 1 through 28 of the First Count as Paragraphs 1 through 28 of this Ninth Count as if fully restated herein.

29.    Defendant had a duty to provide an accounting to American Express on payments received from Plaintiffs on the Credit Card Debt pursuant to CFDCPA § 36a-805.

30.    Upon information and belief, Defendant did not forward any payments received by Defendant from Plaintiffs to American Express under the terms of the Settlement Agreement.

31.    Defendant had a duty to furnish to American Express information Defendant received from Plaintiffs regarding the Settlement Agreement pursuant to CFDCPA § 36a-805.

32.    Upon information and belief, Defendant did not forward any information received by Defendant from Plaintiffs to American Express.

9

33.   The conduct of the Defendant, as set forth in this Count IX constitutes a prohibited activity within the meaning of CFDCPA § 36a-805(15).

34.   The conduct of the Defendant, as set forth in this Count IX constitutes a violation of Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.Gen.Stat. § 42-110b(a).

35.   As a result of the conduct of the Defendant alleged in this Count, the Plaintiffs have suffered an ascertainable loss of money , interest , and any other costs, punitive damages, attorneys fees, as applicable, deemed appropriate by the Court.

COUNT X

2.   Plaintiffs hereby incorporate Paragraphs 1 through 35 of the Ninth Count as Paragraphs 1 through 35 of this Tenth Count as if fully restated herein.

36.   The conduct of the Defendant alleged in this Count II constitutes unfair and unconscionable means to collect or attempt to collect a debt within the meaning of Section 808(1) of FDCP Act, 15 USCS § 1692f, in that said conduct involves Defendant's use of unauthorized means to obtain private confidential information regarding Plaintiffs and Defendant's failure to provide American Express an accounting regarding the Credit Card Debt to the financial detriment of Plaintiffs.

37.   As a result of the conduct of the Defendant alleged in this Count, Plaintiffs have suffered an ascertainable loss of money, damages, interest and any other costs, attorneys fees, as applicable, deemed appropriate by the Court pursuant to Section 813 of FDCP Act, 15 USCS § 1692k.

WHEREFORE, Defendant requests judgment for the following relief:

10

1. COUNT I

    a. Damages, plus prejudgment interest;
    b. Costs; and
    c. Such other and further equitable relief as may be required.

2. COUNT II

    a. Damages pursuant to Section 813(a)(1) of FDCP Act, 15 USCS § 1692k(a)(1);
    b. Damages pursuant to Section 813(a)(2) of FDCP Act, 15 USCS § 1692k(a)(2);
    c. Costs and reasonable attorneys' fees pursuant to Section 813(a)(3) of FDCP Act, 15 USCS § 1692k(a)(3); and
    d. Such other and further equitable relief as may be required.

3. COUNT III

    a. Damages pursuant to Conn.Gen.Stat. 42-110g(a);
    b. Punitive damages pursuant to Conn.Gen.Stat.42-110g(a);
    c. Costs and reasonable attorneys' fees pursuant to Conn.Gen.Stat.42-110g(d); and
    d. Such other and further equitable relief as may be required.

4. COUNT IV

    a. Damages pursuant to Section 813(a)(1) of FDCP Act, 15 USCS § 1692k(a)(1);
    b. Damages pursuant to Section 813(a)(2) of FDCP Act, 15 USCS § 1692k(a)(2);
    c. Costs and reasonable attorneys' fees pursuant to Section 813(a)(3) of FDCP Act, 15 USCS § 1692k(a)(3); and
    d. Such other and further equitable relief as may be required.

5. COUNT V

    a. Damages pursuant to Conn.Gen.Stat. 42-110g(a);
    b. Punitive damages pursuant to Conn.Gen.Stat.42-110g(a);
    c. Costs and reasonable attorneys' fees pursuant to Conn.Gen.Stat.42-110g(d); and
    d. Such other and further equitable relief as may be required.

6. COUNT VI

    a. Damages pursuant to Section 813(a)(1) of FDCP Act, 15 USCS § 1692k(a)(1);
    b. Damages pursuant to Section 813(a)(2) of FDCP Act, 15 USCS § 1692k(a)(2);
    c. Costs and reasonable attorneys' fees pursuant to Section 813(a)(3) of FDCP Act, 15 USCS § 1692k(a)(3); and
    d. Such other and further equitable relief as may be required.

11

7.  **COUNT VII**

    a.  Damages pursuant to Conn.Gen.Stat. 42-110g(a);
    b.  Punitive damages pursuant to Conn.Gen.Stat.42-110g(a);
    c.  Costs and reasonable attorneys' fees pursuant to Conn.Gen.Stat.42-110g(d); and
    d.  Such other and further equitable relief as may be required.

8.  **COUNT VIII**

    a.  Damages pursuant to Conn.Gen.Stat. 42-110g(a);
    b.  Punitive damages pursuant to Conn.Gen.Stat.42-110g(a);
    c.  Costs and reasonable attorneys' fees pursuant to Conn.Gen.Stat.42-110g(d); and
    d.  Such other and further equitable relief as may be required.

9.  **COUNT IX**

    a.  Damages pursuant to Conn.Gen.Stat. 42-110g(a);
    b.  Punitive damages pursuant to Conn.Gen.Stat.42-110g(a);
    c.  Costs and reasonable attorneys' fees pursuant to Conn.Gen.Stat.42-110g(d); and
    d.  Such other and further equitable relief as may be required.

10. **COUNT X**

    a.  Damages pursuant to Section 813(a)(1) of FDCP Act, 15 USCS § 1692k(a)(1);
    b.  Damages pursuant to Section 813(a)(2) of FDCP Act, 15 USCS § 1692k(a)(2);
    c.  Costs and reasonable attorneys' fees pursuant to Section 813(a)(3) of FDCP Act, 15 USCS § 1692k(a)(3); and
    d.  Such other and further equitable relief as may be required.

ANGELA M. SIMONS, Plaintiff                    SAM J. SIMONS, Plaintiff

By: _____              By: _____
    Angela M. Simons, Pro se                 Sam J. Simons, Pro se
    6 Glenview Drive                        6 Glenview Drive
    Sherman, CT 06784                    Sherman, CT 06784
    860-799-7686                          860-799-7686

12

29/07 2010  15:24  7706127398                 NATIONWIDE CREDIT                #3956 P.001/001

Case 3:10-cv-01938-MRK   Document 1-1   Filed 12/10/10   Page 23 of 27
Case 3:10-cv-01938-MRK   Document 1-1   Filed 12/10/10   Page 23 of 25

# Exhibit A

## FACSIMILE TRANSMITTAL SHEET

| TO | SIMONS, ANGELA | REFERENCE # | 10134102663 |
|---|---|---|---|
| COMPANY | | FROM | NCI-23 |
| FAX # | 978-256-2361 | TOTAL PAGES | 1+1+1= 3 |
| RE: - | SETTLEMENT AGREEMENT LETTER | DATE | 07/29/2010 |

☐ URGENT        ☐ FOR REVIEW        ☐ PLEASE COMMENT        ☐ PLEASE REPLY

**ATTENTION : SIMONS, ANGELA**

Find attached the Settlement Agreement Letter as requested on the call.

Please feel free to call us back on our toll free # 877-779-3471 ext: 5619, in case you have any queries.

Call back once you receive this letter @ 877-779-3471 or 866-479-7925 ext: 5619.

Thank You,
Manager – Branch 23

**Nationwide Credit Inc**
**2015 Vaughn Road Building 400 Kennesaw GA 30144**

This message is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of the message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this in error, please notify us immediately by telephone (1.66) 479-7925 and return the original message at the above address via US Mail.

2010 OAK RIDGE DRV, SUITE 400, KENNESAW, GA 30144    Filed 12/10/10    Page 24 of 25
(877) 779-3471

7/29/ .0

RE: AMERICAN EXP TRAVEL RELATED SE
BAL.$2 ,384.91

We are writing to confirm the settlement offer that we made to you on
behalf of AMERICAN EXP TRAVEL RELATED SE. We and AMERICAN EXP TRAVEL RELAT
settle your account according to the following payment arrangements:

| SL. N. | Payment Due On or Before | Payment Amount |
|--------|--------------------------|----------------|
| 01     | 07/31/2010               | 4000.00        |
| 02     | 08/25/2010               | 4500.00        |

Make each check payable to AMERICAN EXP TRAVEL RELATED SE  and send it
to us in time for it to arrive by each due date above. If payments are
not received as above, or a payment is not honored by your bank, this
offer will no longer apply and we will request the full balance
immediately.

Fulfilling this settlement offer will satisfy your obligation for this
debt at a substantial cost savings compared to your account balance.

If you have any questions, please contact a Collection Manager at our
toll-free telephone number above.

The total account balance as of the date of this letter is shown above.
Your account balance may increase because of interest or other charges,
if so provided in your agreement with your creditor.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION
PO BOX 26314

LEHIGH VALLEY, PA 18002
ID NUMBER :10134102663
ACCOUNT NO
BALANCE DUE:$27,384.91                    RE:    AMERICAN EXP TRAVEL RELATED SE
023/A5./231                                      02100401D

1013416.2663
ANGELA SIMONS
6 GLENVIEW DR

SHERMAN, CT 06784                         NATIONWIDE CREDIT, INC.
                                          PO BOX 26314

                                          LEHIGH VALLEY, PA 18002

23/07 2010 16:26 7706127398    NATIONWIDE CREDIT    #3952 P.002/002

Case 3:10-cv-01938-MRK   Document 1-1   Filed 12/10/10   Page 25 of 27
Case 3:10-cv-01938-MRK   Document 1-1   Filed 12/10/10   Page 25 of 25

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

**NOTE CHANGES ONLY**

FIRST NAME

MI

LAST NAME

ADDRESS

CITY

STATE        ZIP                    HOME PHONE

WORK PHONE

DOCKET NO. DBD CV 10 5008871 S          SUPERIOR COURT

ANGELA M. SIMONS, ET AL               JUDICIAL DISTRICT
                                     OF DANBURY

VS.                                AT DANBURY

NATIONWIDE CREDIT, INC.          DECEMBER 9, 2010

## NOTICE CONCERNING REMOVAL OF ACTION

On December 9, 2010, the Defendant, Nationwide Credit, Inc., filed a Notice of

Removal of this action to the United States District Court for the District of Connecticut

pursuant to the provisions of federal law, all as set forth in the Notice of Removal, a copy

of which is attached as Exhibit A.

DEFENDANT
NATIONWIDE CREDIT, INC.

By: _____
Attorney Claudia M. Sklar
(FBN#08246)
280 Trumbull Street, 23rd Fl.
Hartford, CT 06103
Phone: (860) 548-1300
Fax:   (860) 548-0023
Email: csklar@ofalaw.com

O'CONNELL, FLAHERTY & ATTMORE, L.L.C.
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served by first class United States mail, postage prepaid, on this 9th day of December, 2010, to the following:

Angela M. Simons, Pro Se
Sam J. Simons, Pro Se
6 Glenview Drive
Sherman, CT 06784

Claudia M. Sklar

O'CONNELL, FLAHERTY & ATTMORE, L.L.C.
280 TRUMBULL STREET · HARTFORD, CONNECTICUT 06103-3598 · (860) 548-1300
JURIS NO. 104083 · FAX NO. (860) 548-0023